IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTICT OF FLORIDA
TAMPA DIVISION

STEPHEN J. NELSON, M.D.,

    Plaintiff,

v.                                              Case #_____

UNITED HEALTHCARE INSURANCE CO.,

    Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, **STEPHEN J. NELSON, M.D.** (hereinafter "NELSON"), by and through the undersigned attorney, and sues the Defendant, **UNITED HEALTH CARE INSURANCE COMPANY** (hereinafter "UNITED") and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. 1132.

3. UNITED is an insurance company licensed to conduct and transact business in Florida, which is or was at all relevant times engaged in business in Polk County, Florida.

4. NELSON is a resident of Polk County, Florida and an employee of Stephen J. Nelson, M.D., PA, located in Polk County, Florida. At all relevant

times, NELSON was a participant in an employee health care benefit plan, Group Plan No. 415461 (hereafter referred to as "the Plan"), sponsored by UNITED.

5. UNITED administered the Plan under a contract of insurance which it issued and made benefit claim determinations for the Plan. A copy of the Summary Plan Description, under which the Plan was administered, is attached hereto and incorporated herein as Exhibit "A".

6. At all relevant times, UNITED a) insured the Plan; b) paid claims for the Plan with UNITED funds; and c) operated under a conflict of interest in its role as the insurer of the Plan and the entity which made claim determinations for the Plan.

7. NELSON incurred expenses for radiology and medical care obtained post-neurosurgical intervention on October 10, 2008. Radiology treatments were ordered by NELSON's neurosurgeon as medically necessary, and included the following: Radiology and medical care under the direction of Dr. Laura Vallow, M.D., and Dr. Prasanna G. Vibhute, MD, of the Mayo Medical Center of Jacksonville, FL: $172,154.67.

8. UNITED denied payment for the claims referenced above in paragraph seven (7), claiming that the services were not covered services.

9. NELSON appealed UNITED's claim denial.

10. UNITED upheld its decision to deny the claims in final decision letters to NELSON, dated November 10 and 11, 2009. See, Correspondence from

United HealthCare Insurance Company to Stephen J. Nelson regarding Dr. Prasanna G. Vibhute and Dr. Laura Vallow, attached hereto as Exhibit "B".

11. NELSON exhausted all administrative remedies (internal, pre-suit appeals) per the terms of the Plan and communications from UNITED, or in the alternative, all such administrative appeals were excused.

12. UNITED maintains its denial(s) of claim(s), and refuses to pay benefits due under the Plan.

13. The claims for benefits for medical services rendered on or in October, 2008, November, 2008, and January 2009, totaling $172,154.67 are reasonable and necessary medical expenses and are covered under the terms of the Plan. NELSON is responsible for paying the medical providers the balances owed.

14. NELSON is entitled to the benefits identified herein because:

(a) The benefits are permitted under the Plan.

(b) NELSON has satisfied all conditions to be eligible to receive the benefits.

(c) NELSON has not waived or relinquished entitlement to the benefit.

15. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132 (g), the Plaintiff is entitled to an award of reasonable attorneys fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned

attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, Plaintiff, STEPHEN J. NELSON, M.D., asks this Court to enter judgment against Defendant, UNITED HEALTH CARE INSURANCE COMPANY, finding that:

(a) The Plaintiff is entitled to the $172,154.67 in health benefits under the Plan incurred for treatment rendered to NELSON on/in October, 2008, November, 2008, and January 2009, and award those benefits; and

(b) Award pre-judgment interest on any unpaid benefits as a matter of restitution; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of April, 2011.

JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER & LUDIN, P.A.
13577 Feather Sound Dr., Suite 300
Clearwater, FL 33762
Tel: (727) 572-5000
Fax: (727) 571-1415
E-Mail: tucker@tuckerludin.com
Attorney for Plaintiff